UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 0 7 2016
```

John Rivera,

        Plaintiff,

—v—

EMTC Medical Dep't et al.,

        Defendants.

15-CV-2034 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On March 13, 2015, Plaintiff John Rivera, proceeding *pro se* and *in forma pauperis*, filed the above-captioned action. *See* Dkt. Nos. 1, 2. On October 14, 2015, Defendants City of New York, Officer Atiya Banks, and Officer Domingo Diaz moved to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 32. For the reasons articulated below, Defendants' motion to dismiss is GRANTED.

## I.    BACKGROUND

    On February 2, 2015, Plaintiff was incarcerated on Riker's Island. *See* Sec. Am. Comp. at 2. Plaintiff alleges that on that date, he began experiencing stomach pains. *Id.* According to Plaintiff, Officer Banks ignored him when he reported his stomach pains, but Officer Diaz called the prison clinic. *Id.* at 3. Plaintiff alleges that while at the clinic, he "waited for over 6 hours without seeing anybody." *Id.* After this incident, Plaintiff filed a grievance at the prison, which was "still in progress" at the time of the filing of the Second Amended Complaint. *Id.* at 4.

    Plaintiff initiated the instant action on March 13, 2015. *See* Dkt. No. 1. On March 27, 2015, the Court dismissed Plaintiff's claims against several defendants. *See* Dkt. No. 6. On May 5, 2015, Plaintiff filed an Amended Complaint adding new defendants. *See* Dkt. No. 11. On

1

September 28, 2015, Plaintiff filed a Second Amended Complaint limiting his suit to the City of New York and Officers Domingo Diaz and Atiya Banks. *See* Dkt. No. 30. On October 14, 2015, these Defendants moved to dismiss the Second Amended Complaint on the ground that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 32. Plaintiff failed to oppose the motion to dismiss and did not respond to the Court's November 17, 2015 reminder order. *See* Dkt. Nos. 36, 37. As a result, the Court deemed the motion fully briefed on December 14, 2015. *See* Dkt. No. 39.

## II. LEGAL STANDARD

When considering a motion to dismiss, a court must read *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). At this stage, the Court "accept[s] as true all factual allegations in the complaint, and draw[s] all reasonable inferences in the plaintiff's favor." *Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015). In addition to matters in the pleadings, courts "may also look to public records . . . in deciding a motion to dismiss. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). On the contrary, "the sufficiency of a complaint is

2

a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (quoting *McCall*, 232 F.3d at 322).

### III. DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006). In order to properly exhaust administrative remedies under the PLRA, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88). Because failure to exhaust is an affirmative defense, Plaintiff need not plead failure to exhaust. *Id.* at 216. However, dismissal under Rule 12(b)(6) is nevertheless appropriate if failure to exhaust "is clear from the face of the complaint." *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

The City of New York Department of Correction has adopted the "Inmate Grievance and Request Program" ("IGRP"), which sets forth the administrative review process for inmates.[1] To initiate a grievance under the IGRP, an inmate must "complete an IGRP Statement form." IGRP ¶ IV.D.1. If an inmate disagrees with the initial resolution of the grievance, the inmate can appeal and request a formal hearing before the Inmate Grievance Resolution Committee. *Id.* ¶¶ IV.G.5.b; IV.H.1. After the Inmate Grievance Resolution Committee issues its decision, the

---

[1] The Court, like many other courts in this district, takes judicial notice of IGRP as a matter of public record. *See Myers v. City of New York*, 11-CV-8525 (PAE), 2012 WL 3776707, at *4 n. 6 (S.D.N.Y. Aug. 29, 2012) (collecting cases). The full text of IGRP is available online. *See* N.Y. City Dep't of Correction, Directive 3376 (effective Sept. 10, 2012), available at http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

inmate can "appeal[] to the commanding officer." *Id.* ¶ IV.H.4.b. After the Commanding Officer issues its decision, the inmate can "appeal to the Central Office Review Committee." *Id.* ¶ IV.I.2.b. An inmate must complete all of these steps before he is deemed to have exhausted his administrative remedies. *See Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) ("Section 1997e(a) requires proper exhaustion, which means using all steps that the agency holds out.") (quoting *Woodford*, 548 U.S. at 90) (alterations and internal quotation marks omitted).

Plaintiff's Second Amended Complaint indicates that adjudication of his grievance is "still in progress." Sec. Am. Comp. at 4. Because Plaintiff admits that he has not completed "all steps" of the grievance process, *see Hernandez*, 582 F.3d at 305, his failure to exhaust "is clear from the face of the complaint" and his claim is barred by the PLRA. *See McCoy*, 255 F. Supp. 2d at 251; *see also Blocker v. City of New York*, No. 14-CV-7215 (PKC), 2015 WL 4002588, at *3 (S.D.N.Y. July 1, 2015); *Burgos v. Craig*, 307 F. App'x 469, 471 (2d Cir. 2008). As a result, his claims must be dismissed under Rule 12(b)(6) for failure to "state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are dismissed with prejudice. The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This resolves Dkt. Nos. 21 and 32. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January __7__, 2016
       New York, New York

                                              ALISON J. NATHAN
                                           United States District Judge